```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                           Norfolk Division


- - - - - - - - - - - - - - - - - - -
                                      )
   UNITED STATES OF AMERICA,          )
                                      )
   v.                                 )   CRIMINAL ACTION NO.
                                      )   2:25cr105
                                      )
   RODNEY THORNTON and TROY DAVIS     )
   III,                               )
                                      )
             Defendants.              )
- - - - - - - - - - - - - - - - - - -


                     TRANSCRIPT OF PROCEEDINGS

                       (Initial appearance)

                         Norfolk, Virginia

                        September 3, 2025


BEFORE:
              THE HONORABLE ROBERT J. KRASK
              United States Magistrate Judge


APPEARANCES:


              UNITED STATES ATTORNEY'S OFFICE
              By:  Sherrie Capotosto
                   Assistant United States Attorney
                   Counsel for the United States


              FEDERAL PUBLIC DEFENDER'S OFFICE
              By:  Virginia Bare
                   Assistant Federal Public Defender
                   Counsel for Defendant Thornton
```

JODY A. STEWART, Official Court Reporter

```
1              (Hearing commenced at 2:38 p.m.)
2              THE CLERK:  United States of America versus Rodney
3     Thornton, case 2:25cr105.
4              Is the government ready to proceed?
5              MS. CAPOTOSTO:  United States is ready.
6              Good afternoon, Your Honor.
7              THE COURT:  Good afternoon.
8              And do we have Mr. Davis as well?  Is he here?  We
9     can probably do them both at the same time, if that's
10    agreeable with you, Marshal?
11             THE MARSHAL:  Certainly.
12             THE COURT:  If you will come to counsel's table as
13    well.  Just slide over.
14             THE CLERK:  United States of America versus Troy
15    Davis III, case 2:25cr105.
16             Is the government ready to proceed?
17             MS. CAPOTOSTO:  The United States is ready.
18             THE COURT:  Good afternoon.  Are you Rodney
19    Thornton?
20             DEFENDANT THORNTON:  Yes.
21             THE COURT:  And are you Troy Davis III?
22             DEFENDANT DAVIS:  Yes, sir.
23             THE COURT:  All right.  I'm going to ask you both
24    to speak up.  You are before the Court today because you've
25    both been indicted by a Federal Grand Jury on August 21st,
```

1  2025.  Have you received a redacted copy of the indictment?
2          DEFENDANT DAVIS:  Yes, sir.
3          DEFENDANT THORNTON:  Yes.
4          THE COURT:  Both have, yes.  Then you are both
5  charged in the same counts except that, Mr. Davis, you are
6  charged in count 13 as well, so I'm going to just briefly
7  summarize what the charges are.
8          So you are each charged in count one with
9  unlawfully agreeing with others to commit wire and bank
10 fraud.  You are each charged in counts five and 11 with
11 committing substantive acts of wire fraud.  You are each
12 charged in counts 17 and 23 with committing bank fraud, and
13 you are each charged in count 25 with unlawfully agreeing or
14 conspiring to engage in money laundering.
15         Mr. Davis, as I've indicated, you are also charged
16 in count 13 with committing wire fraud as well.  You need to
17 know that should you be convicted of one or more of these
18 offenses, that the United States seeks to forfeit certain
19 property from you.
20         Now, in conjunction with your appearance here in
21 federal court, you have certain rights under the
22 Constitution.  Those rights include the right to have the
23 assistance of an attorney with your case, and if you cannot
24 afford an attorney, you may request that I appoint one for
25 you.  Do you understand that, first, Mr. Thornton?

```
 1              DEFENDANT THORNTON:  Yes.
 2              THE COURT:  Mr. Davis?
 3              DEFENDANT DAVIS:  Yes, sir.
 4              THE COURT:  And do you understand also that you are
 5     not required to make any statements in connection with these
 6     charges filed against you.  If you do make statements, they
 7     may be used against you.  Mr. Thornton?
 8              DEFENDANT THORNTON:  Yes.
 9              THE COURT:  Mr. Davis?
10              DEFENDANT DAVIS:  Yes, sir.
11              THE COURT:  I have a financial affidavit with your
12     name on it, Mr. Thornton.  Did you sign this document and is
13     the information on it correct?
14              DEFENDANT THORNTON:  Yes.
15              THE COURT:  And are you requesting that I appoint a
16     lawyer to represent you?
17              DEFENDANT THORNTON:  Yes.
18              THE COURT:  Let's see if you qualify.  You do.
19     Then, is the public defender available to take this
20     appointment?
21              MS. BARE:  We are, Your Honor.
22              THE COURT:  Then I will appoint the Federal Public
23     Defender's office to represent you, Mr. Thornton.
24              Next, Mr. Davis, it appears that I have a financial
25     affidavit for you as well.  I'm holding that up.  Is this
```

```
1    your signature on this document?
2            DEFENDANT DAVIS:  Yes, sir.
3            THE COURT:  And is the information on this document
4    correct?
5            DEFENDANT DAVIS:  Yes.
6            THE COURT:  And are you requesting that I appoint a
7    lawyer for you as well?
8            DEFENDANT DAVIS:  Yes.
9            THE COURT:  Let me see if you qualify.  You do, and
10   I will direct that counsel be appointed for you.  The
11   clerk's office will find an attorney from our approved list
12   of attorneys, and they will assist you with your case.
13           Ms. Capotosto, what is the government's position
14   concerning bail for these two individuals?
15           MS. CAPOTOSTO:  Your Honor, we are moving for
16   detention on both.  I will take them one at a time, but I'll
17   start first by arguing to the Court that there is a serious
18   risk of flight and also certainly a risk of, perhaps,
19   witness intimidation, for the reasons I'll get to in just a
20   minute.
21           But the first defendant, Mr. Thornton, Your Honor,
22   has 34 previous felony convictions, including a possession
23   with intent to distribute narcotics in 2012.  He was on
24   probation when these alleged events occurred.  They went on
25   for approximately two years.  And this was part of a wider
```

1  group of criminal activity that was not limited to Virginia,
2  went up and down the East Coast to Florida, and involved
3  fraudulent schemes and obtaining people's personal
4  identification through pretty much coercion and
5  intimidation.  If not, I think there was one event where a
6  firearm was brandished, but getting people's personal
7  identification and using it to get loans, rent vehicles,
8  rent cars -- sorry, rent properties, et cetera.
9       So we would argue, Your Honor, that the ability
10 actually of both defendants to engage in this behavior shows
11 that they are good at disappearing into the community under
12 other people's names and dates of births and Social Security
13 numbers and getting money to fund themselves.
14      Neither of these individuals have worked in the
15 past, at least with respect to Mr. Davis, in the past five
16 years.  Mr. Thornton, during the pendency of these alleged
17 events, he was given no bond in state custody on these same
18 charges, and then he was brought over here when those were
19 nolle prossed.
20      Again, unlike the crime where you have sort of an
21 individual who commits a crime against somebody you don't
22 know and a rather random act, this is a crime where these
23 individuals who are charged actually got people's personal
24 data, know where they live, what they look like, what their
25 dates of births, Social Security number, all that

1  information is.  So we believe they pose a risk of flight,
2  and then, again, certainly a risk of victim witness
3  intimidation.
4          Turning to Mr. Davis, he also has a previous
5  conviction for having a concealed weapon and carrying a
6  loaded firearm in a -- I haven't seen that before, but it
7  seems to be in a public area.  It's worded as a town with a
8  certain amount of population.  But it sounds like it was a
9  loaded firearm that was concealed.
10         He also, during the last five years, again, I had a
11 glance at the pretrial services report that was provided,
12 hasn't been gainfully employed, and also he was on bond on
13 state charges, on these state charges but then was suspected
14 of being involved in another armed robbery with a firearm
15 involved on August the 27th, and his bond was revoked in
16 state court, and that was with three suspects, forced the
17 victim to hand over his phone and give access to his mobile
18 banking application, and then the criminals thereafter stole
19 approximately $2,400 out of his banking account and
20 transferred it to an unknown account.  There was some other
21 individuals involved, and the police are still
22 investigating.
23         So, Your Honor, based on those totality of
24 circumstances, we would ask that detention hearing be
25 granted and set for Friday, two days from now, day after

```
 1  tomorrow at 2:00.
 2            THE COURT:  Do you have that, Ms. Bare?
 3            MS. BARE:  I do not.  And I (unintelligible).
 4            THE COURT:  All right.  I'm happy to hear you.
 5            MS. BARE:  Thank you, Your Honor.  This offense is
 6  not a specified offense in 18 U.S.C. 3142(f), and I'm
 7  speaking for Mr. Thornton, of course.  But it is not a
 8  specified offense, so then the standard is whether --
 9            THE COURT:  Let's back up a second.  Why isn't it a
10  crime that involves the possession or use of a firearm under
11  (f)(1)(E)?
12            MS. BARE:  The first I heard about any firearm was
13  when --
14            THE COURT:  It's in the indictment.
15            MS. BARE:  I'm sorry, Your Honor.  I may have
16  missed it.
17            (Pause)
18            THE COURT:  In the conspiracy charge, it's in
19  Paragraph 17, Page 6.
20            MS. BARE:  Your Honor, it does say in another
21  instance a conspirator in the vehicle made a firearm visible
22  to the mark.  That is the only indication that somebody in
23  this case -- it was allegedly had a firearm visible.  I have
24  not seen this come up before.  I don't -- it's not like
25  traditionally considered to be a firearm offense, and it's
```

1  difficult to tie that to any individual conspirator.  As far
2  as the actual crimes charged, they are not charged to have
3  been -- they are not charged as firearm offenses.  They are
4  charged as white-collar offenses.
5          THE COURT:  So the statute reads, "Any felony not
6  otherwise a crime of violence that," and it doesn't say is
7  charged.  It says, "That involves the possession or use of a
8  firearm, destructive device, or other dangerous weapon."
9  Why wouldn't that qualify?
10         MS. BARE:  It does read that way, and it is
11 difficult to determine.  Frankly, I'm concerned about how a
12 case involving this many co-conspirators, that the fact that
13 one person is alleged to have used a firearm at some point
14 can then carry over to all of the other individuals in the
15 conspiracy who may or may not have even known that event
16 occurred because there is nothing indicating what's
17 reasonably foreseeable in -- at the stage of the indictment.
18 So that is all the information we have, is that someone is
19 alleged to have had a firearm at some point in this offense.
20         If it is -- if it were not a fire -- an eligible
21 offense, there is simply no indication of a serious risk of
22 flight.  Mr. Thornton has no failures to appear that have
23 been adjudicated against him.  He does have prior
24 interactions with the judicial system.  Because of the way
25 they charged, it is likely 34 previous felony convictions,

```
 1  but it's not that many cases.  There is a series of counts
 2  within separate cases.
 3          THE COURT:  All right.  Has he been charged with
 4  failure to appear, contempt of court?
 5          MS. BARE:  He has one separate allegation that was
 6  dismissed.
 7          THE COURT:  When's that?
 8          MS. BARE:  I'm sorry, Your Honor?
 9          THE COURT:  When was that?
10          MS. BARE:  The (unintelligible) is not finished.  I
11  believe 2021 or 2022.  I would have to ask probation.
12          THE PROBATION OFFICER:  Your Honor, it was in 2023
13  of August.  (Inaudible ).
14          THE COURT:  Thank you.  Are there any contempt of
15  court charges?
16          THE PROBATION OFFICER:  No, Your Honor.
17          THE COURT:  Thank you.
18          MS. BARE:  There is also no serious risk of
19  obstruction of justice.  The government said that there was
20  perhaps a risk of obstruction of justice, but the standard
21  here is a serious risk, not just a theoretical one.  Because
22  of the nature of the crime and the fact that he's facing
23  serious consequences, these do not rise to the serious risk
24  of obstruction that is necessary under the statute.
25          Additionally, I'm not available Friday.  However,
```

1  we can set it for Friday and follow up with Ms. Titus if the
2  Court's amenable to that.  I reached out to both prosecutors
3  on this case, and they were -- they are both just not
4  available in the time right before court for me to find an
5  additional date.
6        THE COURT:  All right.  Ms. Capotosto, do you want
7  to be heard further?
8        MS. CAPOTOSTO:  No, Your Honor.
9        THE COURT:  All right.  I'm going to -- I think
10 there is a sufficient basis to at least hold a hearing, and
11 based on 3142(f)(1)(E), given the allegation that's in the
12 indictment, and there are allegations also of the threat of
13 violence and at least there is a failure to appear charge
14 that's fairly recent for Mr. Thornton as well, though he has
15 not been convicted of it.  In fact, the charge was
16 dismissed.  So I will schedule this matter for a detention
17 hearing on Friday, September 5 at 2:00 p.m.
18       The Court is amenable to holding a hearing Friday
19 even if you're not available, Ms. Bare.  Both the U.S.
20 Attorney and the public offender have a number of attorneys
21 who are available, and if the Court -- or if the defendants
22 want this hearing on Friday, the Court will schedule and
23 hold it.
24       MS. BARE:  Yes, Your Honor.
25       THE COURT:  Thank you.  Mr. Davis, I'm going to

```
 1   also, for the same reasons, schedule a detention hearing in
 2   your case on September 5th at 2:00, and I'm entering an
 3   order directing that both of you be temporarily held in the
 4   custody of the U.S. Marshals.  They will bring you back to
 5   court on Friday afternoon for a hearing to decide whether
 6   you should be held in custody or released on bail pending
 7   further proceedings in your case.
 8           Mr. Davis, you will have the assistance of your
 9   attorney when you come back to court for that hearing on
10   Friday.  Do you understand?
11           DEFENDANT DAVIS:  Yes.  So no one gets to speak for
12   me today?
13           THE COURT:  No, sir.
14           I'm also going to enter an order pursuant to the
15   Due Process Protections Act pursuant to Rule 5(f) of the
16   rules of federal criminal procedure and remind the
17   government to disclose information, at least as to
18   Mr. Thornton, that is exculpatory and material to question
19   of guilt or punishment subject to sanction should that fail
20   to occur.
21           I will enter the same order for Mr. Davis once his
22   attorney has appeared in the case.
23           If there is nothing further, the defendants are
24   remanded to the custody of the U.S. Marshals.
25           MS. CAPOTOSTO:  Thank you, Your Honor.
```

JODY A. STEWART, Official Court Reporter

Case 2:25-cr-00105-JKW-LRL   Document 68   Filed 09/12/25   Page 13 of 13 PageID# 108

13

```
 1              (Hearing adjourned at 2:52 p.m.)
 2                          CERTIFICATION
 3
 4         I certify that the foregoing is a correct
 5    transcript, to the best of my ability, of the court's audio
 6    recording of proceedings in the above-entitled matter.
 7
 8            X_____/s/_____x
 9                        Jody A. Stewart
10                 X_____9-12-2025 _____x
11                            Date
```

JODY A. STEWART, Official Court Reporter